■ RUTH BACHRACH, Respondent, v. MUTUAL OF OMAHA INSURANCE COMPANY, Appellant.— Order, Supreme Court, New York County, entered on September 2, 1971, determining that the defendant is liable for the hospital and medical expenses of plaintiff for the period from October 23, 1968 to November 28, 1968, modified, on the law, to the extent that so much of the order appealed from as granted plaintiff's motion for summary judgment for the expenses of this said period is reversed and that portion of the motion for summary judgment denied; and otherwise affirmed, without costs and without disbursements. We have for evaluation an "accident", not a "sickness", and they are both treated differently in the policy. An "accident" is governed by "Part C", which says the benefits recovered shall not exceed "the Maximum Benefit in a Benefit Period". And "Benefit Period" is circumscribed from the date of the first expense to two years thereafter. This period expired in 1964. It, therefore, was error to award benefits in 1968 for treatment of the same accident. In effect this unfortunate plaintiff is attempting to recover expenses incurred in 1968-1969, resulting from an accident in 1962, for which initial expenses, occurring within the "Benefit Period" (two years), the defendant has already paid. In our view, the terms of the policy, accepted by the plaintiff, are no less unambiguous than those interpreted against the plaintiff in *Greenman* v. *American Cas. Co. of*

*Reading, Pa.* (27 A D 2d 651). Concur — McGivern, J. P., Murphy and Capozzoli, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: We would affirm. For the purpose of this appeal, the facts are undisputed. The plaintiff has a policy of accident and health insurance. In June, 1962, she sustained an accident causing injury to her left hip. The insurance company, defendant-appellant, under this policy paid plaintiff benefits for hospitalization and medical treatment. In 1968, being obviously more than two years thereafter, plaintiff underwent additional hospitalization and medical treatment and incurred additional expenses for a related condition. The court at Special Term granted summary judgment to the plaintiff for these later expenses, and the insurance company calls in question the coverage citing Part C of the insurance contract as follows: " (3) benefits for the total expense incurred for each person will not exceed, for any one accident or any one sickness including all recurrences and related causes the Maximum Benefit in a Benefit Period." Under the provisions of Part A of the policy, the terms "injuries", "sickness" and "Benefit Period" are defined: "The term 'injuries' means accidental bodily injuries received while this policy is in force and resulting in covered expenses beginning while this policy is in force. The term 'sickness' means sickness contracted while this policy is in force and resulting in covered expenses beginning while this policy is in force. The term 'Benefit Period' means that period beginning with the date of the first expense to be applied against the Deductible Amount and ending on the second anniversary thereof or upon release thereafter from a hospital at the end of a period of continuous hospital confinement which began prior to said second anniversary." The insurance company contends that all the expenses attributable to the accident and related causes (which, it is conceded, this is) must have been incurred within two years of the time of the first expenses for treatment. Also to be considered is "PART H. RECURRENT SICKNESS PROVISION If, following a Benefit Period or following a term for which benefits were paid during a Benefit Period, the Insured or a covered dependent shall incur no expense for six consecutive months for a sickness *that is of the same or related causes* as the sickness for which benefits were previously paid but shall thereafter incur expense for said sickness, *the Association shall consider the expenses to be for a new sickness Benefit Period and benefits therefor shall be payable as provided in Part C.*" (Italics added.) Under the clear and unambiguous terms of Part H, there is a new benefit period involved, and therefore plaintiff would be entitled to the judgment granted at Special Term. But it is asserted that the provision of Part H for a new benefit period applies only to sickness, and that what we have here is an accident. However, while Part H talks about extended benefits for sickness, Part C(3) does not prevent a new benefit period being involved for an accident as well. As a matter of general law, "the terms of an insurance policy will receive the construction most favorable to the insured". (*Matter of Vanguard Ins. Co.,* 18 N Y 2d 376, 381.) Apparently, defendant also read the policy, as we do, entitling plaintiff to benefits for the 1968 hospitalization, for it first paid her claim and then demanded the return of its money alleging a mistake. In a well-constructed brief on this appeal, the attorneys for the defendant set forth different ways in which the language of the insurance contract should be paraphrased to make clear the meaning which they would have us give to the language in order to reach the result for which they contend. Until the insurance agreement contains such language, we agree with the Judge at Special Term that it should be read in favor of the plaintiff.